**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DONTIE S. MITCHELL,

                                        Plaintiff,                          9:20-cv-1407
                                                                           (ECC/DJS)
v.

ANTHONY J. ANNUCCI, *et al.*,

                                        Defendants.

---

**Appearances:**

Dontie S. Mitchell, *Pro Se Plaintiff*
Elizabeth V. Lombardi, Asst. Att'y Gen., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff Dontie Mitchell commenced this action pro se, asserting claims under 42 U.S.C. § 1983 arising out of his incarceration in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) at several different correctional facilities, as well as after his release from custody. Amended Complaint, Dkt. No. 21. On July 25, 2025, Defendants filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) seeking to dismiss the Amended Complaint. Dkt. No. 63. Plaintiff filed an opposition to Defendants' motion, Dkt. No. 71, and Defendants replied, Dkt. No. 72. This matter was assigned to United States Magistrate Judge Daniel J. Stewart who, on January 29, 2026, issued a Report-Recommendation and Order recommending that Defendants' motion be granted in part and denied in part. Dkt. No. 74. Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report and that the failure to object to

the report within fourteen days would preclude appellate review. *Id.* at 19. No objections have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety, only to add the following analysis.

Defendants alternatively seek dismissal on the basis that they are entitled to qualified immunity. Dkt. No. 63-1 at 29-30. Magistrate Judge Stewart does not directly address the Defendants' request for an order awarding qualified immunity in his Report-Recommendation. Dkt. No. 74. This is not surprising, however, considering that the Defendants' argument consists of several paragraphs of boilerplate legal standard, with the following analysis:

> It was objectively reasonable for the individual defendants to believe their conduct was lawful. Consequently, these individuals are entitled to qualified immunity, and Plaintiff's claims against all defendants should be dismissed.

Dkt. No. 63-1 at 30. For a qualified immunity defense asserted in a motion on the pleadings to be successful, the "facts supporting the defense [must] appear on the face of the complaint," and the plaintiff "is entitled to all reasonable inferences from the facts alleged . . . that defeat the immunity defense." *McKenna v. Wright*, 386 F.3d 432, 434, 436 (2d Cir. 2004) (describing a defendant's burden of establishing a qualified immunity defense in a Rule 12(b)(6) motion as a "formidable hurdle"). Because, on a Rule 12(b)(6) or 12(c) motion, "the facts supporting the qualified immunity defense must appear on the face of the complaint, asserting qualified immunity as a defense in the earliest stages of litigation, before development of a relevant factual record, usually

fails to result in dismissal of the complaint." *Pourkavoos v. Town of Avon*, 823 F. App'x 53, 59 (2d Cir. 2020) (internal quotations and alterations omitted); *see also Ziemba v. Lynch*, No. 11-cv-974, 2013 WL 5232543, at *9 (D. Conn. Sept. 17, 2013) (denying motion to dismiss on qualified immunity grounds where the defendant "only include[d] the legal standard for establishing qualified immunity and, in a conclusory manner, state[d] that the claims . . . are subject to dismissal based on [that] law"). Here, Defendants' conclusory assertions do not entitle them to qualified immunity at this early stage in the proceeding, and the motion is therefore denied in this respect. *See Barnett v. Mount Vernon Police Dep't*, 523 F. App'x 811, 813 (2d Cir. 2013) ("Defendants moving to dismiss a suit by reason of qualified immunity would in almost all cases be well advised to move for summary judgment, rather than for dismissal under Rule 12(b)(6) or 12(c).").

Last, Plaintiff requests leave to file a second amended complaint to the extent the Court dismisses any of the claims in his amended complaint. Dkt. No. 71 at 2-3. This action was commenced more than five years ago by Plaintiff's filing of the original complaint. Although some of the delay in this action is attributed to Plaintiff's successful appeal on the dismissal of his amended complaint with prejudice, it is significant that the Second Circuit's decision to vacate and remand was, in large part, focused on the failure to afford Plaintiff an opportunity to amend. *Mitchell v. Annucci*, No. 21-2978-PR, 2023 WL 8073106, at *1 (2d Cir. Nov. 21, 2023). Nevertheless, when Plaintiff was afforded that opportunity on remand, he failed to do so. Dkt. No. 34. Plaintiff cited to his ongoing state criminal proceedings and financial struggles as the basis for his inability to file a second amended complaint. *Id.* In what appears to be special solicitude and an abundance of caution considering Plaintiff's pro se status, the Court ultimately allowed the amended complaint to proceed to service despite Plaintiff's failure to amend. Dkt. No. 35.

The Court hesitates to grant relief that will further delay this litigation from proceeding to discovery, which has been stayed pending the outcome of this motion to dismiss.  However, in light of the procedural posture of this case, and the solicitude afforded to Plaintiff's pro se status, the Court will grant Plaintiff leave to amend, limited to the claims alleged in his amended complaint which are subject to dismissal pursuant to this order. Any second amended complaint must be filed within thirty days and will replace the existing amended complaint; it must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  If Plaintiff does not file a second amended complaint within the next thirty days, this case will proceed on the remaining claims in the amended complaint.

I.      **CONCLUSION**

**WHEREFORE,** it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation, Dkt. No. 74, is **ADOPTED** in all respects for the reasons set forth therein; and it is further

**ORDERED** that Defendants' motion for judgment on the pleadings, Dkt. No. 63, is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Defendants' motion is **GRANTED** to the extent that the following claims are **DISMISSED:**

    1) Official-capacity claims for injunctive relief;

    2) First Amendment claims against Defendants Tynon and Walker related to the alleged censorship of JPay messages at Washington Correctional Facility,

    3) First Amendment claims against Defendants Reardon and Debejian related to alleged unprocessed grievances at Marcy Correctional Facility,

    4) First Amendment claims related to Plaintiff's ability to communicate with others after his release from custody,

5)  First Amendment retaliation claim against Defendant Miller, and

6)  First Amendment access to court claim against Defendant Tynon; and it is further

**ORDERED** that Defendants' motion is **DENIED** in all other respects; and it is further

**ORDERED** that Plaintiff may file a second amended complaint within **THIRTY (30) days** of the date of this Order, in accordance with the conclusions stated above; and it is further

**ORDERED** that the that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 24, 2026

Elizabeth C. Coombe
U.S. District Judge

5